Staff, J.
This is a petition to establish a report brought under the provisions of G.L.c. 151 A, § 42 and Dist./Mun. Cts. R. Civ. P., Supp. Rule 140.
After an adverse administrative decision by the defendant Director of the Massachusetts Division of Employment Security (hereinafterD.E.S.), the plaintiff sought judicial review. The trial court affirmed the defendant Director’s decision, but took no action on plaintiffs request for hearing on his report. The notice to the parties of the expiration of three months by the clerk as provided by Dist./Mun. Cts. R. Civ. P., Supp. Rule 140 had not been sent when the plaintiff’s petition to establish report was filed.
We allow the petition and the report as established for review and decision by the Supreme Judicial Court.
The administrative decision, by which the plaintiff claims to be aggrieved, was affirmed by the district court judge. It held that the plaintiff was ineligible for unemployment compensation benefits on the ground that his discharge from employment “was attributable to deliberate misconduct in wilful disregard of the employing unit’s interest’ ’ and that the plaintiff was, therefore, subject to the disqualifying provisions of § 25(e) (2) of M.G.L. c. 151 A.
The plaintiffs complaint alleges that his absence from work, the basis for his discharge, was justifiable since he was unaware that he was scheduled to work on the day he was absent. The complaint further alleges that the Review Examiner’s decision is based upon errors of law as follows. The plaintiffs discharge:
(a) was not, on the record, “attributable solely to deliberate misconduct in wilful disregard of the employing unit’s interest” within the meaning of G.L. c. 151 A, § 25(e) (2);
(b) was unsupported by substantial evidence, and,
(c) was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.
The complaint prays that the court set aside the decision of the D.E.S. Board of Review’s Examiner and direct that the plaintiff be found eligible for benefits. A copy of said complaint is attached hereto as Exhibit A and incorporated herein by reference.
The defendant Director’s answer, a copy of which is attached hereto as Exhibit B and incorporated herein by reference, denies the allegations contained in the complaint.
A hearing before the trial court was held on April 19, 1979 at which oral argument by *70 counsel was heard on the issue of denial of benefits. Argument was based on a certified copy of the record of proceedings before the D.E.S. Board of Review.
The court affirmed the decision of the Board of Review and made no findings of fact as to the issues. A copy of that decision is attached hereto as Exhibit C and is incorporated herein by reference.
Copies of the administrative record were filed by the defendant Director with the court. They were made part of the record and are incorporated herein by reference as Exhibits D through S:
D. Plaintiffs Claim Record Card;
E. Request for Separation and Wage Information;
F. Employer’s Statement;
G. Claimant’s Rebuttal;
H. Physician’s Statement of Capability;
I. Notice to Claimant of Disqualification, dated October 18, 1976;
J. Request for Hearing, dated October 21, 1976;
K. Notice of Hearing, dated November 4, 1976;
L. Decision on Eligibility for Benefits, dated December 27, 1976;
M. Employer’s Request for Review, dated December 27, 1976;
N. Appeal to the Board of Review, dated December 27, 1976;
O. Notice of Hearing before Board of Review, dated February 7, 1977;
P. Transcript of Hearing, dated February 16, 1977;
Q. Decision of Review Examiner, dated March 23, 1977;
R. Application for Review by the Board of Review, dated April 4, 1977;
S. Decision on Application for Further Review, dated September 26, 1977.
This report together with the Exhibits incorporated herein, contains all the evidence material to the questions reported.
The plaintiff claims to be aggrieved by the decision of the court which affirmed the decision of the Board of Review.
The case is hereby reported to the Supreme Judicial Court for determination.